IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VOYAGER GROUP, L.P. and VOYAGER ) <br> INVESTMENTS LP, ) <br> Defendants. ) <br> ) <br> ──────────────────────────── ) <br> ) <br> SPANISH PEAKS LODGE, LLC, ) <br> VOYAGER GROUP, L.P. and VOYAGER ) <br> INVESTMENTS, L.P., ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> KEYBANK NATIONAL ASSOCIATION ) <br> and KEYBANK CAPITAL MARKETS, ) <br> INC., ) <br> Defendants. ) <br> ) <br> ──────────────────────────── ) <br> ) <br> SPANISH PEAKS HOLDINGS II, LLC, ) <br> Successor to Spanish Peaks Holdings, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEYBANK NATIONAL ASSOCIATION ) <br> and KEYBANC CAPITAL MARKETS, ) <br> INC., ) <br> Defendants. ) <br> ) <br> AMBROSE, Senior District Judge ) | Consolidated Case No. 10-0453 |

1

**MEMORANDUM OPINION AND ORDER**

Defendants have filed a motion [Docket Nos. 68, 69] to compel production of three categories of documents: (1) tax returns and other documents related to the Voyager Entities' financial condition and organizational structure; (2) deposition transcripts and written discovery from third-party litigation against Plaintiffs which concerns the claims alleged in this action; and (3) information related to loans extended to Plaintiff SP Holdings for the Club. Defendants also move to require Plaintiffs to identify the various custodians of documents previously produced. For the reasons set forth below, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

With respect to the Voyager Entities' tax returns and other financial and organizational documents, Plaintiffs represent that they have produced the Voyager Entities' financial statements for the years 2005-2007. [Docket No. 71, at 4-5.] While I agree with Plaintiffs that Defendants are not entitled to financial information that solely concerns the Voyager Entities' business ventures unrelated to the Club and Lodge, to the extent the Voyager Entities have chosen to maintain integrated financial information relating to the Lodge and Club projects with unrelated business ventures, the Voyager Entities are required to produce such records for the relevant time period.[1] Accordingly, Defendants' motion to compel further production of financial records from the Voyager Entities is GRANTED.

With respect to the deposition transcripts and written discovery from litigation between Plaintiffs and third parties, Plaintiffs have produced documents relating to litigation specifically involving the Lodge Project. Plaintiffs further provided Defendants with a list identifying cases

---

[1] Defendants further argue that "[d]iscovery to date has revealed that many of the expenditures associated with the Lodge Project were funded or received by other companies (not parties to this litigation) under the Voyager Entities' ownership structure." [Docket No. 69, at 11.] Defendants should identify any such entities specifically and may seek relevant information from these entities. The record before me is inadequate to respond more fully to this allegation.

involving the Club at Spanish Peaks as a whole [Docket No. 71-3, at 2]. Plaintiffs invited Defendants to review the public filings in the cases and identify any inaccessible discovery documents that they require. Defendants never responded to Plaintiffs' offer. Again, I direct Defendants to review the documents which have already been produced, including the list supplied by Plaintiffs, specifically identify any omissions, and call me if the parties cannot reach a resolution. Defendants' motion to compel additional litigation documents is DENIED.

With respect to documents relating to loans extended to SP Holdings for the Club, Plaintiffs indicate that Defendants have received over 30,000 pages of documents subpoenaed from the two lenders centrally involved in the origination and restructuring of the principal loans to finance the development of the Club at Spanish Peaks. Again, Defendants should review the documents they have received and specifically identify any deficiencies. That being said, Plaintiffs have not indicated that they have produced documents in their possession, custody and control relating to these principal loans and the restructuring thereof. Such documents are relevant to this action and should be produced. To the extent Plaintiffs have obtained additional loans related to the development of the Club, they should identify any such loans to Defendants so that a determination can be made between the parties, with my involvement if necessary, as to their relevance to the litigation. Defendants' motion to compel production of loan documents is GRANTED as set forth above.

Finally, Plaintiffs attest that they have produced documents as they were maintained in the usual course of business. [Docket No. 71-2.] This is all that is required by Federal Rule of Civil Procedure 34(b). I understand that the individuals involved in this action wore the hats of several different entities. However, Defendants can pursue such questions during depositions. Defendants' motion seeking additional custodial information is DENIED.

Dated: February 3, 2011

                        BY THE COURT:

                  /s/ <u>Donetta W. Ambrose</u>
                     Donetta W. Ambrose,
                     Senior U.S. District Judge