IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Consolidated Case No. 10-453 |
| VOYAGER GROUP, L.P. and VOYAGER INVESTMENTS LP, | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SPANISH PEAKS LODGE, LLC, VOYAGER GROUP, L.P. and VOYAGER INVESTMENTS, L.P., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| KEYBANK NATIONAL ASSOCIATION and KEYBANK CAPITAL MARKETS, INC., | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SPANISH PEAKS HOLDINGS II, LLC, Successor to Spanish Peaks Holdings, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| KEYBANK NATIONAL ASSOCIATION and KEYBANC CAPITAL MARKETS, INC., | ) | |
| Defendants. | ) | |
| AMBROSE, Senior District Judge | ) | |

**MEMORANDUM ORDER OF COURT**

Pending before the court are two Motions: 1) Motion for Attorney Fees (ECF No. 152), and 2) Motion for Reconsideration (ECF No. 154). Responses have been filed. The issues are now ripe for review.

With regard to the Motion for Attorney Fees, I find that the Motion is premature. There has been no final judgment issued. See, Fed. R. Civ. P. 54. As a result, I will deny the Motion (ECF No. 152), without prejudice, as premature.

With regard to the Motion for Reconsideration, such a motion only will be granted where: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Voyager Parties argue that reconsideration is necessary to correct a clear error of law or fact or to prevent manifest injustice. (ECF No. 155). After careful consideration of all briefing on this issue, I find there is no clear error of law or manifest injustice. I considered all argument and facts previously raised and did not overlook any issues. The parties are not free to relitigate issues that this court has already decided. Furthermore, I reemphasize, the claims regarding the bridge loan are separate and distinct from the construction loan. Consequently, I find no clear error of law or manifest injustice. As a result, I will deny the Motion for Reconsideration (ECF No. 154).

THEREFORE, this 8th day of November, 2012, it is ordered that the Motion for Attorney Fees (ECF No. 152) and the Motion for Reconsideration (ECF No. 154) are denied.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge